UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NIAZY SELIM ET AL** | **CASE NO. 2:22-CV-02086** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SERVICE INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Defendant's *Motion to Quash Rule 30(b)(6) Deposition Topic Nos. 25, 26, and 27 and for Protective Order*. (Rec. Doc. 38). Plaintiffs opposed the motion. (Rec. Doc. 47). The Court held a telephone hearing on September 9, 2024.

Plaintiffs filed this suit against their home insurer, Safeport, for coverage and bad faith damages for damage to their "landmark home" following Hurricanes Laura and Delta. Plaintiffs issued a Rule 30(b)(6) notice of deposition for Safeport. (Rec. Doc. 38-3). Safeport seeks to quash three areas of inquiry.

At issue is the scope of permissible discovery, a well-established concept:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.R.C.P. Rule 26(b)(1).

Further, the court must limit the frequency or extent of discovery when:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 30(b)(6) permits a party to depose a corporate party's representative, subject to the foregoing discovery limitations.

### I. Topic 25 regarding Safeport's reinsurance.

Plaintiffs seek to depose Safeport's representative regarding Safeport's reinsurance, including reinsurance payments related to Plaintiffs, the nature of Safeport's reinsurance and the type of pool of insureds, information pertinent to Safeport's reinsurance contract, and essentially any information pertaining to a reinsurer's evaluation of Plaintiffs' claim. Safeport argues the reinsurance information is irrelevant to the salient questions of coverage under Plaintiffs' Safeport policy and Safeport's alleged bad faith handling of the claim. Safeport further argues that much of the requested information is confidential, including the type of insureds for which Safeport purchases reinsurance.

Plaintiffs contend reinsurance information "offer[s] a likely source of information about Safeport's knowledge and analysis of the claims," and that the reinsurance contracts "provide context." (Rec. Doc. 47, p. 2).

Judge Cain has previously addressed a similar motion in a hurricane insurance dispute. In accordance with the ruling in *Chennault Int'l Airport Auth. v. Starr Surplus Lines Ins. Co.,* No. 2:22-CV-02735, 2023 WL 6064876, at *4 (W.D. La. July 20, 2023), the Court rules as follows: Regarding 25(a)-(c), Plaintiffs may discover information regarding reinsurance agreements and communications applicable to their claims, as well as the procedural and substantive provisions in its reinsurance agreements. Plaintiffs may not seek information regarding other claimants or information about the pool of insureds. Regarding 24(d), Plaintiffs may discover the identity of individuals involved with any reinsurance related to their claims, but the request is otherwise overly broad. Plaintiffs may obtain information requested in 25(e) and (f) only to the extent it pertains to their claims. Regarding 25(g), the Court finds that reinsurer supervision requirements may lead to discoverable information regarding Safeport's defense of its claims adjustment. Safeport can provide a corporate witness who can testify to the company's knowledge of these requirements.

## II. Topic 26 regarding Safeport's financial, tax, and reserves information.

Safeport next objects to producing information pertaining to its financial, tax reporting, and accounting of reserves, reinsurance claims, etc. Judge Cain has likewise addressed this issue and held that the information requested in Topic 6 is discoverable to the extent it pertains to Plaintiffs' claims. *Chennault*, at *3; *Clinic Realty*, at *2-3.

The Court declines to implement a written interrogatory procedure in lieu of a Rule 30(b)(6) response, as Safeport urges following a similar proceeding in *Mancuso v. Starr Surplus* (Case No. 2:21-CV-03947, Rec. Doc. 91). Considering the parties' contentiousness, as evidenced by multiple motions in this case, the Court finds the most efficient means for disclosure of discoverable information is by corporate deposition.

## III. Topic 27 regarding Safeport's corporate testimony in other cases.

Safeport objects to providing information pertaining to Safeport's prior deposition testimony in Hurricanes Laura, Delta, and Ida cases. In *Chennault*, Judge Cain found that a request for five years of prior deposition testimony without any restriction for jurisdiction was overly broad, but he indicated that the request could be narrowed to request for depositions in particular matters. Topic 27 is limited to Safeport's prior deposition testimony regarding claims for three particular

hurricanes, all of which struck Louisiana's coast within a thirteen-month period. The Court finds this request is sufficiently narrow to elicit discoverable information.

To the extent any questions remain, the parties shall refer to Judge Cain's ruling in *Chennault* and Judge Leblanc's similar ruling *Clinic Realty LLC v. Lexington Ins. Co.,* No. 2:22-CV-05724, 2024 WL 945324, at *3 (W.D. La. Mar. 5, 2024). Safeport shall provide a privilege log as necessary.

Accordingly,

IT IS ORDERED that Defendant's *Motion to Quash Rule 30(b)(6) Deposition Topic Nos. 25, 26, and 27 and for Protective Order* (Rec. Doc. 38) is GRANTED IN PART AND DENIED IN PART as set forth herein.

Signed at Lafayette, Louisiana on this 9th day of September, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE